Informal Opinion No. 98-19 Paul B. Dusek, Esq. County Attorney County of Warren Warren County Municipal Center 1340 State Route 9 Lake George, N Y 12845-9803
Dear Mr. Dusek:
You have asked whether the county may decrease the number of members on its community services board from fifteen to nine and, if it may do so, what procedure may be used to effect the reduction.
The board was established pursuant to the Mental Hygiene Law, which provides in part:
 (a) To be eligible for state aid pursuant to this chapter, a local government shall establish a local governmental unit, which shall be an identifiable body within the local government.
 (b) Each local governmental unit shall have a community services board for services to the mentally ill, the mentally retarded and developmentally disabled and those suffering from alcoholism and substance abuse. . . . Mental Hygiene Law § 41.05.
The statute also states that a local government with a population of less than 100,000 may, at its option, appoint a board of either nine or fifteen members. In all other local governments, the board "shall" have fifteen members. Id., § 41.11(a). Board members are to be appointed for four-year terms, and no member may serve more than two consecutive terms unless a local law provides otherwise. Id. § 41.11(d). The statute also provides that vacancies "shall" be filled for unexpired terms. Id.
The statute on its face permits Warren County, which has a population of less than 100,000, initially to establish a board with either nine or fifteen members. However, the statute does not provide a procedure for increasing membership from nine to fifteen or decreasing membership from fifteen to nine. Your county desires to effectuate a decrease through attrition as vacancies occur or terms expire. You have noted that this procedure will result in varying memberships until the nine member board is reached. Your concern is that the State statute does not provide for membership reductions, nor for boards comprised of other than nine or fifteen members. You inquire whether the county can effectuate the gradual reduction by local law.
We believe that the county may change the number of board members by local law and effectuate a reduction through attrition as vacancies occur and terms expire. A county is authorized to adopt and amend local laws, not inconsistent with the provisions of the Constitution or any general State law, relating to its property, affairs or government; the government, protection, safety, health and well-being of persons or property in the municipality; and the number, powers, qualifications, etc. of its officers and employees. Municipal Home Rule Law §10(1)(i), 10(1)(ii)(a)(1) and 10(1)(ii)(a)(12). Op Atty Gen (Inf) No. 93-45.
For home rule purposes, a "general law" is one that "in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages." Municipal Home Rule Law § 2(5). In establishing a different number of board members for community services boards created by local governments with less than 100,000 population than for boards set up by larger local governments, section 41.11 (d) of the Mental Hygiene Law is not a general law regarding these membership provisions. It is not a general law, regarding the number of board members, within the meaning of the home rule provisions discussed above. See, Op Atty Gen (Inf) No. 95-25. A local law relating to the number of board members, therefore, need not be consistent with Mental Hygiene Law § 41.11(d).
Thus, the county may utilize its home rule powers to enact a local law authorizing a change in the number of board members to the total set forth in the local law and may effectuate the change as provided therein. A reduction, as contemplated, may be effectuated by attrition as vacancies occur and terms expire.
The number of members of a community services board is not a matter of State concern. Cf. Matter of Perales v. Heimbach, 166A.D.2d 707 (2d Dept 1990), app denied, 77 N.Y.2d 806 (1991). Local laws must be consistent with State laws relating to matters of State concern. Id. These boards are created by local option and State law has established varying membership requirements for boards based on population. It cannot be said that these characteristics are matters of State concern. See, Resnick v.County of Ulster, 44 N.Y.2d 279 (1978).
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY
Assistant Attorney General